UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2536
_____

CHRISTINE BERNAT,
                                        Appellant

v.

STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS; WILLIAM HAUCK,
administrator of the Edna Mahan Correctional Facility for Women; ERICK MELGAR,
all individually and in their capacity as a current and/or State Correctional Officer;
JANETTE BENNETT, all individually and in their capacity as a current and/or former
State Correctional Officer; ALFRED E. SMALLS, all individually and in their capacity
as a current and/or former State Correctional Officer; JEFFREY S. ELLIS, all
individually and in their capacity as a current and/or former State Correctional Officer;
LANCE K. JOHNSON, all individually and in their capacity as a current and/or former
State Correctional Officer; JOHN DOE 1-10; JOHN DOE ENTITY 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 12-cv-02649)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 8, 2017

Before:  CHAGARES, VANASKIE, and FUENTES Circuit Judges.

(Filed June 20, 2017)
_____

JUDGMENT ORDER
_____

Following the District Court's grant of summary judgment on October 28, 2015 as

to defendants State of New Jersey Department of Correction, William Hauck, Jeffrey S.

Ellis, and Lance K. Johnson and entries of stipulations of dismissal as to defendants Alfred E. Smalls and Erick Melgar on April 19, 2016, plaintiff Christine Bernat filed this appeal.

Bernat requested entry of default against defendant Jannette Bennett earlier in the litigation, on October 24, 2013. The clerk entered default as to Bennett the following day. However, no default judgment was ever entered as to Bennett.

This Court requested supplemental briefing from the parties. The parties agreed that final judgment had not been entered against Bennett. Counsel for appellees also argued that the stipulations of dismissal as to Smalls and Melgar were not with prejudice and thus also do not constitute final judgments.

Having reviewed the record below, the Court agrees that there is no final judgment as to Bennett and, thus, this Court lacks jurisdiction under 28 U.S.C. § 1291 and will dismiss the appeal on that basis. The Court declines to make a ruling as to the finality of the claims against Smalls and Melgar as it is not necessary for the dismissal at this time. Accordingly, it is hereby ORDERED and ADJUDGED by this Court that this appeal is dismissed for lack of jurisdiction. The parties are to bear their own costs.

BY THE COURT:

s/Michael A. Chagares
Circuit Judge

ATTEST:

s/ Marcia M. Waldron
Clerk

Dated: June 20, 2017